UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61277-CIV-DIMITROULEAS/SNOW

TRIDENT INTERNATIONAL, LTD.,

      Plaintiff,

vs.

IMPERIAL MAJESTY CRUISE LINE, LLC,
etc., et al.,

      Defendants.
_____/

### REPORT AND RECOMMENDATION

      THIS CAUSE is before the plaintiff's Bill of Costs (DE 72) and the defendants' Bill of Costs (DE 74), which were referred to United States Magistrate Judge Lurana S. Snow.

### I. PROCEDURAL BACKGROUND

      The six-count amended complaint alleges breach of agency and fiduciary duties (Count I); breach of contract (Counts II and III); negligent misrepresentation or fraudulent misrepresentation (Count IV); violation of Florida statues (Count V) and unjust enrichment (Count VI). The plaintiff sought damages in excess of $2 million.

      After a bench trial before Senior United States District Judge Jose A. Gonzalez, Jr., the Court issued Findings of Fact and Conclusions of Law (DE 70) finding in favor of all defendants on each of the six counts alleged in the amended complaint. With regard to Count VI, the claim of unjust enrichment, the Court stated, "Although Trident cannot meet all of the elements for an unjust enrichment claim, IMCL must remit the sum of $63,000.00 to

Trident for unpaid amounts under the F&B Agreement, plus interest." (DE 70 at 10) The Final Judgment ordered that the plaintiff "shall recover from the Defendant, the full amount of damages in the sum of $63,000, plus interest," and provided that costs would be taxed in a separate order. (DE 89)      Plaintiff and defendants each claim to be the prevailing party in this action and therefore entitled to recover costs under Fed. R. Civ. P. 54(d).   The plaintiff argues that it has prevailed because the Court awarded damages; the defendants contend that they have prevailed because the Court found in their favor on each of the six counts in the amended complaint.   The defendants seek an award of costs in the amount of $11,479.80, while the plaintiff claims it is entitled to more than ten times that amount: $120,860.97.

## II. RECOMMENDATIONS OF LAW

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.   Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.   Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Rule 54(d)(1) provides, in pertinent part, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party, unless the court otherwise directs."   Rule 54(d) also grants the Court the discretion to refuse to tax costs in favor of the prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).   However, the court's discretion is not unfettered, and "to

defeat the presumption and deny full costs, a district court must have and state a sound reason for doing so." <u>Chapman v. A1 Transport</u>, 229 F.3d 1012, 1039 (11th Cir. 2000).

In order to tax costs against the adverse party under Rule 54(d), a party must first be a "prevailing party." The Supreme Court has held that a prevailing party is one who prevailed on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." <u>Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 791-92 (1989)(internal citations and quotations omitted). In most instances, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d), and a party who has obtained some relief will be regarded as the prevailing party, even though he has not sustained all of his claims. Indeed, courts in this Circuit consistently have approved shifting costs even if the prevailing party obtains judgment on a fraction of the claims he has advanced. <u>Head v. Medord</u>, 62 F.3d 351, 355 (11th Cir. 1995); <u>United States v. Mitchell</u>, 580 F.2d 789, 793-94 (5th Cir. 1978); <u>Doria v. Class Action Services, LLC</u>, 261 F.R.D. 678, 682 (S.D. Fla. 2007).

Applying the holdings of these cases to the instant case, the award of damages in the amount of $63,000.00 to the plaintiff establishes that the plaintiff is the "prevailing party" for purposes of Rule 54(d). However, the defendants correctly note than the plaintiff failed to prove any of its asserted legal claims and came woefully short of the more than $2 million in damages it claimed. Indeed, the Court could have denied any recovery to the

3

plaintiff based on its failure to establish all of the elements of unjust enrichment, as alleged in Count VI. Under these circumstances, an award of costs to the plaintiff is not justified.

### III. <u>CONCLUSION</u>

For the foregoing reasons, and being duly advised, it is RECOMMENDED that the plaintiff's Bill of Costs (DE 72) and the defendants' Bill of Costs (DE 74) be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 18th day of January, 2011.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record